DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | CASE NO. 1:06 CR 216 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | ANALYZING THE SENTENCING |
| Derick L. Barnes | ) | FACTORS SET FORTH IN 18: U.S.C. |
| | ) | §3553(a) |
| Defendant. | ) | |
| | ) | |

### Introduction

The defendant has plead guilty to a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for knowingly and intentionally possessing with intent to distribute 250 grams of cocaine on April 7, 2006, and also to a violation of 18 U.S.C. § 924(c)(1)(A)(I).

The written plea agreement in this case states in part as follows:

> 5A With respect to count one, because the amount of cocaine possessed with the intent to distribute is at least 200 grams but less than 300 grams the base offense level is 20. *The government and Defendant further agree and stipulate that no other specific offense characteristics are applicable and the total adjusted offense level is 20.* (Emphasis added)

The plea agreement also called for a three level reduction for acceptance of responsibility assuming the defendant continues to manifest his acceptance of responsibility.

(1:06 CR 216)

The presentence report appropriately, as the Court finds, calls for an addition of two levels pursuant to U.S.S.G. § 3C1.2 because the defendant recklessly created a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer.[1]

Counsel for the defendant objected to the additional two levels arguing that the adjustment should not be applied, standing alone, unless resulted in a material hindrance to the official investigation or prosecution. Counsel for the defendant has mistakenly confused the provisions of § 3C1.1 with the provisions of § 3C1.2 which address "reckless endangerment during flight".

In view of the agreement of the parties that no additional offense characteristics apply which would eliminate the addition of two levels for "reckless endangerment during flight", the offense level would be 17, and with a criminal history category V, would call for a sentencing range of 46 to 57 months. Ironically, counting the two levels for reckless endangerment would increase the offense level to 19, and with a criminal history category of V, would call for a sentencing range to 57 to 71 months. The Court will apply the terms of the presentence agreement and not add the two levels for reckless endangerment, but will exercise its discretion in the context of the advisory sentencing range and consider sentencing the defendant at the

---

[1] The written plea agreement in setting forth the factual basis in supporting the guilty plea declared in part that "Cleveland police officers observed 12 males engaged in drug trafficking with the defendant, who was the driver and sole occupant of a 2001 Ford Expedition in the vicinity of St. Clair and 23rd Street in Cleveland, Ohio. *The officers attempted to stop the vehicle but the defendant drove off and began a high-speed police chase. (Emphasis added)*

2

(1:06 CR 216)

highest level of the advisory guideline range, i.e., 57 months and as more explicitly discussed in evaluating the sentencing factors under 18 U.S.C. § 3553(a).[2]

His advisory offense guideline is 17 with a criminal history category V. Count 1 calls for a sentencing range of 46 to 57 months and count 2 calls for a consecutive sentence of five years to life in prison.

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

(a) **Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

The defendant's criminal conduct took place on April 7, 2006. The offense conduct is accurately set forth in paragraphs 6 through 10 of the presentence report which state as follows:

> According to the Affidavit filed by Jamaal A. Ansari of the Drug Enforcement Agency, on April 7, 2006, the Cleveland Police Department was on routine patrol in the area of St. Clair Avenue and 23rd Street (a known drug area) when officers observed twelve males huddled around the open driver's door of a black 2001 Ford Expedition. As the officers approached, the individuals around the Expedition quickly dispersed. After the officers reached a point of

---

[2] Counsel for the defendant has challenged two of the defendant's convictions which calls for an additional two points. The Court finds that the challenge to the two convictions is well taken so the total criminal history points is reduced to 10, but the defendant's criminal history category remains in category V.

3

(1:06 CR 216)

>concealed surveillance in order to monitor the activity around the vehicle, they observed a person, later identified as Derick Barnes, run to the vehicle, enter, and quickly drive away.
>
>As the officers pursued, the Expedition was escorted from the front and rear by two other vehicles, each containing three males. The rear escort vehicle was identified as a white Lexus. The Lexus traveled close to the rear bumper of the Expedition, a tactic often used by drug traffickers to prevent police from pulling in behind the drug trafficker's vehicle. The officers pulled their cruiser in behind the Lexus and activated the lights and siren. The Lexus pulled over, and the officers quickly passed the Lexus to position themselves behind the Expedition. Initially, the Expedition pulled to the side of the road. After the officers exited their cruiser and approached the Expedition, the white Lexus forced its way between the police cruiser and the curb in an effort to either strike or distract the officers. As the officers diverted their attention to the address the white Lexus, the Expedition drove away.
>
>The officers returned to their vehicle and pursued the Expedition again. The officers pulled their cruiser in behind the Expedition and activated the lights and siren. The Expedition again pulled to the side of the road. As the officers exited their vehicle, the Expedition drove away at a high rate of speed and through a red light. The crossing traffic was forced to stop to avoid colliding with the Expedition. The officers returned to their vehicle, and as they pursued the Expedition again, they observed the driver toss a black lunch box out of the passenger window. The driver then tossed out a handgun and a shoulder holster out of the same window.
>
>As the pursuit continued, the defendant reached speeds up to 90 miles per hour. The Expedition failed to negotiate a turn, slid across four lanes of traffic, and nearly hit several vehicles. The Expedition went up a steep embankment on the left side of the road before coming to a stop. Mr. Barnes exited and ran from the vehicle, but the Expedition rolled back down the embankment and knocked Barnes to the ground. He jumped to his feet and began to run from officers who pursued him on foot. Mr. Barnes ran westbound along the entrance ramp to Interstate 90. He jumped four fences and ran into a wooded area. As he attempted to jump

4

(1:06 CR 216)

>   another fence, officers were able to apprehend Mr. Barnes and handcuff him.
>
>   The officers returned to the area where the defendant threw items from his vehicle. They recovered the soft black lunch box and discovered it contained two large bags of cocaine with a total weight of approximately 250 grams. They also recovered a Strum Ruger 9mm handgun and the shoulder holster that were thrown from the Expedition. The handgun had one round in the chamber and a magazine containing 30 rounds extending from the gun. An additional magazine containing eight rounds was recovered in the magazine pouch on the holster.

The defendant is 29 years of age. His criminal record includes six convictions which require the assessment of criminal history points. He has been assessed 10 criminal history points.

The defendant states that he has never married or fathered any children. He was born in 1977 to parents who divorced in 1987, but he has maintained a close relationship with his mother[3] and talks frequently with his father on the telephone. He has two brothers. According to the defendant's mother[4], the defendant is an intelligent young man who has great potential but has been influenced into bad and illegal behavior by the persons with whom he chose to surround himself. The defendant completed the tenth grade in 1993 and then dropped out of school because of lack of interest. Eventually, the defendant received his GED and in 1995 enrolled in Tri-C College, but soon dropped out because "the experience overwhelmed him".

---

[3]During the colloquy with the defendant's counsel during the sentencing hearing, counsel for the defendant indicated that the defendant has finally told him that when he was approximately ten years of age, he witnessed his father stab his mother and that the incident had, according to defendant's counsel, affected his subsequent development.

[4]The defendant's mother, along with three other members of the defendant's family, attended the sentencing hearing conducted on Friday, August 11, 2006.

5

(1:06 CR 216)

The defendant has been smoking marijuana since he was 18 and also began abusing powder cocaine when only 18. The defendant states that he believes he is addicted to marijuana and cocaine. The defendant has a spotty employment record, partially due to the fact he was in prison from November of 1998 to September of 2001.

**(2) The Need for the Sentence Imposed**

    **(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

The defendant's criminal record, as well as his convictions in this case, indicate that he is a serious risk to becoming a recidivist. A significant sentence is necessary to promote respect for the law and provide just punishment.[5]

    **(B) to afford adequate deterrence to criminal conduct;**

A substantial sentence, given the defendant's fairly young age of 29, is likely to afford adequate deterrence to additional criminal conduct upon his release from incarceration providing the defendant uses his time in prison to further his education and to develop employment skills.

    **(C) to protect the public from further crimes of the defendant;**

A substantial sentence has the promise, not a guarantee, of protecting the public from further crimes of the defendant.

    **(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

---

[5]The defendant, through counsel, provided the Court with a handwritten letter by the defendant and addressed to the Court. The Court had the letter marked as Court's Exhibit 1 and a copy of the defendant's letter is attached hereto as Appendix A.

6

(1:06 CR 216)

The defendant has a serious need to develop both educational and vocational training. Medical care while incarcerated directed to curing or attempting to cure the defendant's addiction to drugs holds the promise that the defendant, upon release from a substantial sentence, and by virtue of the fact that he will be older than 35, will become a productive member of society.

## CONCLUSION

The sentencing range for the defendant based upon an offense level of 17 and a criminal history III is 46 to 57 months. Count 1 requires an additional consecutive sentence of 60 months.

The Court finds no basis to vary from the advisory guideline range and concludes that a sentence requiring nine years in prison, i.e. 48 months for Count 1 and a consecutive sentence of 60 months for Count 2 with a total sentence of 108 months, is a reasonable sentence after consideration of the sentencing factors as set forth herein.

IT IS SO ORDERED.

| | |
|---|---|
| August 11, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |